James D. DiPasquale, 011033
DIPASQUALE & SUMMERS, LLP
737 Bishop Street, Suite 1460
Honolulu, HI 96813
Telephone:   (808) 240-4771
Facsimile:   (808) 240-4765
Email:       james@ds-lawoffices.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW HEARD, DEVIN CAMPBELL, DOMINICK PISCIOTTA, and HENRY OH,<br><br>Plaintiffs,<br><br>-against-<br><br>NEW FIELD HONOLULU INC. d/b/a MARGOTTO<br><br>Defendants. | Civil No.: CV 25-16<br><br>**COLLECTIVE ACTION COMPLAINT** |

1.   This is an action brought by ANDREW HEARD, DEVIN CAMPBELL, DOMINICK PISCIOTTA, and HENRY OH, ("Plaintiffs"), individually and on behalf of all others similarly situated, against Defendant New Field Honolulu Inc. d/b/a Margotto ("Defendant" or "Margotto") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Hawaii's wage and hour laws,

as well as for breach of implied contract, unjust enrichment, failure to maintain and provide accurate records, and wrongful retention of service charges.

2.  Plaintiffs seek to recover unpaid wages, including improperly withheld tips and service charges, unpaid overtime, damages for breach of implied contract and unjust enrichment, statutory penalties for recordkeeping violations, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the claims brought under the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331.

4.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PARTIES

6.  Plaintiff Andrew J. Heard is a resident of Honolulu, Hawaii. He was employed by Defendant as a server from January 16, 2023, to May 14, 2024.

7.  Plaintiff Henry Oh is a resident of Honolulu, Hawaii. He was employed by Defendant as a server from June 2022 to present.

8. Plaintiff Devin Campbell is a resident of Honolulu, Hawaii. He was employed by Defendant as a server from May 2024 to December 10, 2024.

9. Plaintiff Dominick Pisciotta is a resident of Honolulu, Hawaii. He was employed by Defendant as a server from October 2023 to October 2024.

10. Defendant Margotto is a business entity operating in Hawaii, with its principal place of business in Honolulu, Hawaii. Defendant operates a restaurant where Plaintiffs and others similarly situated were employed.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees who were subject to Defendant's illegal tip pooling practices, improper withholding of service charges, failure to pay proper wages, and failure to maintain accurate records in violation of the FLSA.

12. Plaintiffs and the Collective Action Members are similarly situated, as they were all subject to Defendant's common practices, policies, and procedures, including the illegal inclusion of non-tipped employees, managers, and the owner in the tip pool, the improper withholding of service charges, and the failure to pay overtime wages.

13. Plaintiffs' consent to sue forms are attached hereto as Exhibit A. Other current and former employees who are similarly situated will file their consents to join this action as the case progresses.

14. Plaintiffs and the Collective Action Members were all subjected to Defendant's unlawful conduct, which resulted in the deprivation of their rightful earnings. Accordingly, Plaintiffs seek to represent and pursue claims on behalf of the Collective Action Members to recover unpaid wages, liquidated damages, and other relief under the FLSA.

## FACTUAL ALLEGATIONS

15. Plaintiffs were employed as a server at Defendant's restaurant, where they was paid an hourly wage and participated in a tip pool.

16. When the restaurant first opened, Defendant implemented a policy where a service charge was added to customers' checks. This service charge was initially divided so that 50% of the service charge went to the restaurant to cover "administration fees," and the remaining 50% was distributed among the staff, including both tipped and non-tipped employees.

17. At the beginning of 2023, following a change in management, Defendant modified the tip pooling and service charge distribution arrangement. Chris Lord, the new manager, advised that the initial arrangement might be illegal

and suggested changes to comply with legal standards. As a result, the service charge listed on the check was adjusted to a 20% gratuity.

18. Under the new arrangement, the 20% gratuity was to be split as follows:

- 10% of the gratuity would go to the hourly employees in the back of the house.

- The remaining 10% would be distributed among the servers and other front-of-house staff.

- If no hourly back-of-the-house employees were working during a particular service, the restaurant would still retain 10% of the gratuity.

19. The service charge from credit card payments was not immediately disbursed to employees. Instead, these amounts were included in the employees' paychecks, issued bi-weekly on the 7th and 22nd of each month.

20. Cash tips were issued inconsistently. Sometimes they were distributed at the end of the same night, but on other occasions, there were delays of up to a week or two before the tips were distributed. This process was managed at the discretion of the general manager, Eriko Nakagawa.

21. All money received from guests, including tips and service charges, was pooled together and distributed according to the system set by the general manager. This system included improper allocations to non-tipped employees, such as kitchen staff, management, and even the owner, in violation of federal and state laws.

22. Despite these arrangements, Defendant failed to ensure that the tips and service charges were properly distributed. Non-tipped employees, including management, the owner, and kitchen staff, were improperly included in the tip pool. Federal law (FLSA) and Hawaii state law both prohibit non-tipped employees, managers, and supervisors from participating in tip pools when a tip credit is taken by the employer.

23. Defendant's general manager, Eriko Nakagawa, took an active role in managing the tip pool, including calculating and distributing tips. This direct involvement by a manager in the tip pool violates both federal and state laws, which prohibit managers and supervisors from controlling or participating in tip pools under these circumstances.

24. Defendant often failed to maintain accurate records of the hours worked by Plaintiffs and other employees. On multiple occasions, Plaintiffs noticed discrepancies in their tip allocation, including instances where tips were allocated to employees who were not working or clocked in on certain nights.

25. Plaintiffs and other employees were not consistently provided with records or breakdowns of how their tips and service charges were calculated and distributed. Spreadsheets detailing the tip distribution were often delayed or never provided, and employees were discouraged from questioning the accuracy of these records.

26. When Plaintiffs raised concerns about the tip pooling practices, including the involvement of non-tipped employees and management, he was reassured by management that no rules were being broken and that the retained tips and service charges would be used for employee appreciation events, such as a Christmas party. However, these assurances were misleading, and the tip and service charge practices remained illegal and improper.

27. Defendant continued to withhold 10% of the gratuity even when no back-of-the-house employees were on duty, diverting these funds to the business rather than to the employees.

28. Furthermore, Defendant violated Hawaii Revised Statute § 481B-14 by failing to clearly disclose to customers that a portion of the service charge was not being distributed to employees as tip income. This lack of transparency misled customers into believing that the entire service charge was being used to compensate the employees, when in fact a significant portion was retained by the Defendant.

29. These practices violated both federal and state wage laws, resulting in Plaintiffs and other similarly situated employees being deprived of their rightful earnings.

## COUNT I
### (Violation of the FLSA – Illegal Tip Pooling and Wage Violations)

30. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

31. Defendant's actions in maintaining an illegal tip pool and failing to properly pay Plaintiffs and the Collective Action Members minimum wage and overtime constitute violations of the FLSA, 29 U.S.C. § 201 et seq.

32. Specifically, Defendant violated the FLSA by allowing non-tipped employees, such as kitchen staff, as well as management and ownership, to participate in the tip pool. This is prohibited when the employer takes a tip credit.

33. Defendant's general manager's involvement in running the tip pool further violates the FLSA's prohibition against managers and supervisors participating in or controlling tip pools where a tip credit is taken.

34. As a result of Defendant's unlawful practices, Plaintiffs and the Collective Action Members have suffered loss of wages and other damages.

## COUNT II
**(Violation of Hawaii Wage and Hour Laws – Illegal Tip Pooling and Wage Violations)**

35. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

36. Defendant's actions also constitute violations of Hawaii wage and hour laws, including but not limited to the illegal tip pooling practices and failure to pay proper wages and overtime.

37. Defendant violated Hawaii law by allowing non-tipped employees, including kitchen staff, management, and ownership, to participate in the tip pool, which is expressly prohibited when a tip credit is claimed by the employer.

38. Defendant's general manager's involvement in managing the tip pool further violates Hawaii state law, which prohibits managers and supervisors from participating in or controlling tip pools when a tip credit is claimed by the employer.

39. Plaintiffs and the Collective Action Members are entitled to recover all unpaid wages, including tips wrongfully withheld, and any other damages available under Hawaii law.

## COUNT III
### (Violation of the FLSA – Failure to Maintain Accurate Records)

40. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

41. Defendant failed to maintain accurate records of Plaintiffs' and the Collective Action Members' hours worked, wages paid, and tips distributed, as required by the Fair Labor Standards Act, 29 U.S.C. § 211(c).

42. As a result of Defendant's failure to maintain accurate records, Plaintiffs and the Collective Action Members have been unable to accurately calculate the wages and tips owed to them, leading to significant financial harm.

43. Plaintiffs and the Collective Action Members are entitled to statutory penalties, liquidated damages, and other relief available under the Fair Labor Standards Act.

## COUNT IV
### (Violation of Hawaii Wage and Hour Laws – Failure to Maintain and Provide Employment Records)

44. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

45. Defendant violated HRS § 387-6 by failing to maintain accurate records of Plaintiffs' and the Collective Action Members' hours worked, wages paid, and tips distributed.

46. Defendant further violated HRS § 388-7 by failing to provide Plaintiffs and the Collective Action Members with wage statements that accurately reflected their earnings, deductions, and the calculation of their tips and service charges.

47. Plaintiffs and the Collective Action Members are entitled to statutory penalties, liquidated damages, and other relief available under Hawaii wage and hour laws.

## COUNT V
### (Violation of Hawaii Revised Statutes – Failure to Provide Accurate Wage Statements)

48. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

49. Defendant failed to provide Plaintiffs and the Collective Action Members with wage statements that accurately reflected their hours worked, wages earned, and deductions, in violation of HRS § 388-7.

50. This failure deprived Plaintiffs and the Collective Action Members of the ability to verify that they were being properly compensated and has caused them financial harm.

51. Plaintiffs and the Collective Action Members are entitled to statutory penalties, liquidated damages, and other relief available under Hawaii law.

## COUNT VI
### (Breach of Implied Contract)

52. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

53. Plaintiffs and the Collective Action Members had an implied contract with Defendant for the payment of wages, including tips and service charges, based on the understanding that these amounts would be fully distributed to the employees as part of their compensation.

54. Defendant breached this implied contract by failing to pay Plaintiffs and the Collective Action Members the wages, tips, and service charges owed to them under the terms of their employment.

55. As a result of Defendant's breach, Plaintiffs and the Collective Action Members have suffered damages, including loss of wages, tips, and service charges.

## COUNT VII
## (Unjust Enrichment)

56. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

57. Defendant has been unjustly enriched by retaining tips and service charges that rightfully belonged to Plaintiffs and the Collective Action Members.

58. It would be inequitable for Defendant to retain these benefits without compensating Plaintiffs and the Collective Action Members.

59. Plaintiffs and the Collective Action Members are entitled to restitution for the full amount of the tips and service charges wrongfully withheld by Defendant.

## COUNT VIII
## (Violation of Hawaii Revised Statute § 481B-14 – Wrongful Retention of Service Charges)

60. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

61. Defendant violated Hawaii Revised Statute § 481B-14 by failing to clearly disclose to customers that a portion of the service charge was not being distributed to employees as tip income.

62. By retaining a portion of the service charges without properly informing customers, Defendant engaged in unfair and deceptive practices in violation of Hawaii law.

63. Plaintiffs and the Collective Action Members are entitled to recover all wrongfully retained service charges, statutory penalties, and any other damages available under Hawaii law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself and all others similarly situated, respectfully requests that this Court enter judgment against Defendant as follows:

A. Certifying this case as a collective action under 29 U.S.C. § 216(b) and allowing notice to be sent to all similarly situated employees;

B. Awarding Plaintiffs and the Collective Action Members all unpaid wages, including improperly withheld tips and service charges, unpaid overtime, and other compensation due under the Fair Labor Standards Act and Hawaii law;

C. Awarding liquidated damages pursuant to the Fair Labor Standards Act;

D. Awarding Plaintiffs and the Collective Action Members damages for breach of implied contract;

E. Awarding Plaintiffs and the Collective Action Members restitution for Defendant's unjust enrichment;

F. Awarding Plaintiffs and the Collective Action Members statutory penalties for Defendant's failure to maintain accurate records and provide wage statements as required by law;

G.  Awarding Plaintiffs and the Collective Action Members all wrongfully retained service charges, statutory penalties, and any other damages available under Hawaii Revised Statute § 481B-14;

H.  Awarding Plaintiffs and the Collective Action Members attorneys' fees, costs, and expenses incurred in this action;

I.  Granting such other and further relief as the Court deems just and proper.

Dated:   Honolulu, HI
         January 13, 2025

Respectfully submitted,

DIPASQUALE & SUMMERS, LLP
Attorneys for Plaintiffs

By:   */s/ James D. DiPasquale*

James D. DiPasquale, 011033
737 Bishop Street, Suite 1460
Honolulu, Hawaii 96813
Telephone:  (808) 240-4771
Facsimile:   (808) 240-4765
Email:        james@ds-lawoffices.com