OTA & HARA
A LIMITED LIABILITY LAW COMPANY

WILLIAM N. OTA          6947-0
wota@ota-hara.com
LEIGHTON M. HARA          7826-0
Lhara@ota-hara.com
KALLISTA N. HIRAOKA          11328-0
khiraoka@ota-hara.com
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2860
Honolulu, Hawaii 96813
Tel. No. (808) 532-1728
Fax No. (808) 532-1729

Attorneys for Defendant
NEW FIELD HONOLULU INC. d/b/a
MARGOTTO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANDREW HEARD, DEVIN CAMPBELL, DOMINICK PISCIOTTA, and HENRY OH,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW FIELD HONOLULU INC. d/b/a MARGOTTO,<br><br>Defendant. | Case No: 1:25-cv-00016 SASP/WRP<br><br>DEFENDANT NEW FIELD HONOLULU, INC. d/b/a MARGOTTO'S ANSWER TO COLLECTIVE ACTION COMPLAINT [DKT. 1] FILED JANUARY 13, 2025; CERTIFICATE OF SERVICE |

**DEFENDANT NEW FIELD HONOLULU INC. d/b/a
MARGOTTO'S ANSWER TO COLLECTIVE
ACTION COMPLAINT [DKT. 1] FILED JANUARY 13, 2025**

COMES NOW Defendant NEW FIELD HONOLULU, INC. d/b/a MARGOTTO ("Defendant"), through its counsel Ota & Hara, LLLC, and answers Plaintiffs ANDREW HEARD ("HEARD"), DEVIN CAMPBELL ("CAMPBELL"), DOMINICK PISCIOTTA ("PISCIOTTA") and HENRY OH's ("OH") (collectively "Plaintiffs") Collective Action Complaint, filed on January 13, 2025 [Dkt. 1] ("Complaint"), as follows:

## FIRST DEFENSE

1.    Plaintiffs fail to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

2.    In answer to paragraphs 1 and 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations as phrased and, on that basis, Defendant denies those allegations.

3.    In answer to paragraphs 2, 11, and 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations regarding Plaintiffs' objectives and intentions in

2

bringing this action.  Defendant denies the remainder of the allegations contained therein.

4.      In answer to paragraphs 3-5 of the Complaint, Defendant avers that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendant denies such legal conclusions and leaves Plaintiffs to their proof.

5.      In answer to paragraph 6 of the Complaint, Defendant admits only that Plaintiff Andrew J. Heard was employed by Defendant as a server. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of Plaintiffs' allegations contained therein and, on that basis, Defendant denies those allegations.

6.      In answer to paragraph 7 of the Complaint, Defendant admits only that Plaintiff Henry Oh is employed by Defendant as a server.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of Plaintiffs' allegations contained therein and, on that basis, Defendant denies those allegations.

7.      In answer to paragraph 8 of the Complaint, Defendant admits only that Plaintiff Devin Campbell was employed by Defendant as a server. Defendant is without knowledge or information sufficient to form a belief as to the

3

truth or falsity of the remainder of Plaintiffs' allegations contained therein and, on that basis, Defendant denies those allegations.

8.      In answer to paragraph 9 of the Complaint, Defendant admits only that Plaintiff Dominick Pisciotta was employed by Defendant as a server. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of Plaintiffs' allegations contained therein and, on that basis, Defendant denies those allegations.

9.      In answer to paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

10.      In answer to paragraphs 12, and 21-29 of the Complaint, Defendant denies the allegations set forth in those paragraphs.

11.      In answer to paragraph 15 of the Complaint, Defendant admits only that Plaintiffs were, at various times, employed as servers at Margotto, paid an hourly wage, and participants in a tip pool.  Defendant denies the remainder of the allegations contained in the paragraph in the manner and form alleged, and Plaintiffs are left to their strict proofs.

12.      In answer to paragraph 16 of the Complaint, Defendant admits only that, for a period of time, Defendant disclosed and applied service charges to customer checks.  Defendant denies the remainder of the allegations contained in

4

the paragraph in the manner and form alleged, and Plaintiffs are left to their strict proofs.

13. In answer to paragraph 17 of the Complaint, Defendant admits only that it terminated service charges and implemented a new tip pooling arrangement in or around September 2023. Defendant denies the remainder of the allegations contained in the paragraph in the manner and form alleged, and Plaintiffs are left to their strict proofs.

14. In answer to paragraph 18 of the Complaint, Defendant admits only that hourly employees in the front of the house and the back of the house participated in the tip pool implemented in 2023. Defendant denies the remainder of the allegations contained in the paragraph in the manner and form alleged, and Plaintiffs are left to their strict proofs.

15. In answer to paragraph 19 of the Complaint, Defendant admits only that service charges from credit card payments were not disbursed to employees on the date of service, but were distributed semi-monthly with payroll. Defendant denies the remainder of the allegations contained in the paragraph in the manner and form alleged, and Plaintiffs are left to their strict proofs.

16. In answer to paragraph 20 of the Complaint, Defendant denies allegations contained therein in the manner and form alleged, and Plaintiffs are left to their strict proofs.

5

## COUNT I
### (Violation of the FLSA – Illegal Tip Pooling and Wage Violations)

17. In answer to paragraph 30 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

18. In answer to paragraphs 31-34 of the Complaint, Defendant denies the allegations contained therein.

## COUNT II
### (Violations of Hawaii Wage and Hour Laws – Illegal Tip Pooling and Wage Violations)

19. In answer to Paragraph 35 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

20. In answer to paragraphs 36-39 of the Complaint, Defendant denies the allegations contained therein.

## COUNT III
### (Violation of the FLSA – Failure to Maintain Accurate Records)

21. In answer to Paragraph 40 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

22. In answer to paragraphs 41-43 of the Complaint, Defendant denies the allegations contained therein.

**COUNT IV**
**(Violation of the Hawaii Wage and Hour Laws – Failure to Maintain and Provide Employment Records)**

23.    In answer to Paragraph 44 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

24.    In answer to paragraphs 45-47 of the Complaint, Defendant denies the allegations contained therein.

**COUNT V**
**(Violation of Hawaii Revised Statutes – Failure to Provide Accurate Wage Statements)**

25.    In answer to Paragraph 48 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

26.    In answer to paragraphs 49-51 of the Complaint, Defendant denies the allegations contained therein.

**COUNT VI**
**(Breach of Implied Contract)**

27.    In answer to Paragraph 52 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

28.    In answer to paragraphs 53-55 of the Complaint, Defendant denies the allegations contained therein.

7

## COUNT VII
### (Unjust Enrichment)

29.    In answer to Paragraph 56 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

30.    In answer to paragraphs 57-59 of the Complaint, Defendant denies the allegations contained therein.

## COUNT VIII
### (Violation of Hawaii Revised Statute § 481B-14 – Wrongful Retention of Service Charges)

31.    In answer to Paragraph 60 of the Complaint, Defendant realleges and hereby incorporates its answers to all paragraphs as set forth herein.

32.    In answer to paragraphs 61-63 of the Complaint, Defendant denies the allegations contained therein.

Defendant NEW FIELD HONOLULU INC. d/b/a MARGOTTO denies all remaining allegations in the Complaint not heretofore expressly and unequivocally admitted, denied, or controverted.

### **THIRD DEFENSE**

The Court lacks subject matter jurisdiction.

### **FOURTH DEFENSE**

Plaintiffs have failed to mitigate their damages, if any.

8

## FIFTH DEFENSE

Plaintiffs have failed to initiate and/or exhaust their exclusive administrative remedies.

## SIXTH DEFENSE

Plaintiffs' claims are preempted in whole or in part.

## SEVENTH DEFENSE

Defendant acted in good faith and did not directly or indirectly perform any acts that would constitute a violations of any rights of Plaintiffs or any duty owed to Plaintiffs.

## EIGHTH DEFENSE

Plaintiffs' claims are barred for lack of standing.

## NINTH DEFENSE

Plaintiffs' claims are barred by the defenses of waiver, estoppel, laches and/or unclean hands.

## TENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

**ELEVENTH DEFENSE**

Plaintiffs are not entitled to punitive and/or liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to liability for punitive and/or liquidated damages.

**TWELVTH DEFENSE**

Defendant intends to rely on any and all other matters constituting avoidance or affirmative defenses, as set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays that:

A.      All claims contained in Plaintiffs' Complaint against Defendant be dismissed with prejudice;

B.      Defendant be awarded its costs of suit herein, including reasonable attorney's fees and costs;

C.      That Court enter judgment in favor of Defendant against Plaintiffs; and

D.      That the Court grants Defendant such other and further relief as may be deemed just and equitable.

10

DATED:     Honolulu, Hawaii, February 4, 2025.


/s/  William N. Ota
WILLIAM N. OTA
LEIGHTON M. HARA
KALLISTA N. HIRAOKA

Attorneys for Defendant
NEW FIELD HONOLULU INC. d/b/a
MARGOTTO

---

*ANDREW HEARD v. NEW FIELD HONOLULU INC. d/b/a MARGOTTO*; Case No: 1:25-cv-00016 SASP/WRP; In the United States District Court for the District of Hawaii; **DEFENDANT NEW FIELD HONOLULU, INC. d/b/a MARGOTTO'S ANSWER TO COLLECTIVE ACTION COMPLAINT [DKT. 1] FILED JANUARY 13, 2025**

11